**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:12cr324** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **JAMAL MCKAY,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Jamal McKay's motion to dismiss the indictment on the basis of selective and/or vindictive prosecution. (Doc. 17). The parties have briefed this matter and it is ripe for disposition. For the following reasons, defendant's motion will be denied.

## Background

Defendant Jamal McKay (hereinafter "defendant") filed the instant motion to dismiss in response to the second federal indictment entered against him. In this second indictment, defendant is charged with failing to appear as required, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(I). The facts relevant to defendant's instant motion to dismiss are as follows.

### *First Federal Indictment and Subsequent Proceedings*

On September 7, 2011, agents from the Drug Enforcement Agency filed a two-count criminal complaint against defendant, which alleged that

defendant distributed and conspired to distribute cocaine base ("crack"). (Doc. 1 in No. 3:11cr275).[1]  Defendant was arrested and presented for an initial appearance on September 8, 2011.  At the initial appearance, Magistrate Judge Blewitt appointed the federal public defender as counsel and ordered defendant detained pending trial.  (Docs. 7, 9 in No. 3:11cr275).

On September 20, 2011, a grand jury sitting in this district entered a two count indictment against defendant.  (Doc. 17 in No. 3:11cr275).  Count I charged defendant with knowingly and intentionally conspiring to unlawfully distribute, and possess with the intent to distribute, in excess of 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846.  Count II charged defendant with knowingly, intentionally and unlawfully distributing and possessing with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On September 28, 2011, defendant was arraigned before Magistrate Judge Blewitt and entered a plea of not guilty.  (Doc. 24 in No. 3:11cr275).

Defendant and the government submitted a signed plea agreement on March 19, 2012.  (Doc. 49-2 in No. 3:11cr275).  In this plea agreement, defendant and the government stipulated to the following:

_____

[1] Unless otherwise noted, all docket citations in this memorandum will be to the above-captioned case, criminal case number 3:12cr324.

On or about and between January 1, 2008, and the date of this indictment, the defendant conspired to distribute and possess with intent to distribute in excess of 28 grams of cocaine base ("crack") but less than 112 grams of cocaine base ("crack"), and an unspecified amount of cocaine. Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), the defendant shall be sentenced to 60 months in prison, a term of supervised release of at least 4 years thereafter, to be determined by the court, a fine, if any, to be determined by the Court, and a $100 special assessment.

(Id.) Thus the plea agreement provided that defendant would enter a guilty plea to Count I of the indictment and be sentenced to sixty months in prison, the mandatory minimum period of imprisonment for the offense at issue. (Id.) Defendant and the government agreed that either could withdraw from the plea agreement in the event that the court imposed a term of imprisonment outside of sixty months. (Id.)

The court held three change of plea hearings. At the first hearing, on April 4, 2012, defendant expressed his uncertainty as to whether he wished to proceed with a guilty plea. (Doc. 52 in No. 3:11cr275). On May 11, 2012, the court held a second change of plea hearing, during which the court did not accept defendant's change of plea because defendant disagreed with the government's statement of the facts. (Doc. 55 in No. 3:11cr275). The court held a third change of plea hearing on June 11, 2012, and, after a thorough plea colloquy, the court accepted defendant's guilty plea. (Doc. 79 in No.

3

3:11cr275, N.T. at 3-18).  The court scheduled defendant's sentencing for September 13, 2012.

At the June 11, 2012 change of plea hearing, the court also granted defendant's request to be released from detention for approximately two weeks to allow him the opportunity to place his affairs in order prior to his sentencing.  (Doc. 79 in No. 3:11cr275, N.T. at 18-19).  The government did not oppose defendant's request, and on June 19, 2012, the court ordered defendant released to the supervision of pretrial services.  (Doc.  63 in No. 3:11cr275).  Defendant was ordered to surrender to the custody of the United States Marshals Service by noon on July 3, 2012.  (Id.)

### *Failure to Appear on July 3, 2012 and Subsequent Sentencing*

On June 29, 2012, defendant requested an extension in time in which to report to the US Marshals because he needed to "obtain all of his personal affects and secure them."  (Doc. 64 in No. 3:11cr275).  The court denied defendant's motion on July 2, 2012.  (Doc. 66 in No. 3:11cr275).

Defendant failed to surrender on July 3, 2012.  Upon the government's motion, the court issued a warrant for defendant's arrest on July 5, 2012. (Doc. 68 in No. 3:11cr275).  Defendant was arrested on August 5, 2012. (Docs. 70, 71 in No. 3:11cr275).  The government asserts that defendant cut

off and disabled his electronic monitoring device prior to failing to appear. The government also avers that defendant was apprehended by deputy US Marshals in Brooklyn, New York, and that he attempted to flee prior to being apprehended. The court rescheduled the sentencing hearing for November 14, 2012. (Doc. 73 in No. 3:11cr275).

On September 5, 2012, defendant filed a pro se motion to withdraw his guilty plea, and on September 14, 2012, defendant's counsel filed a formal motion to withdraw the guilty plea. (Docs. 74, 76 in No. 3:11cr275). In his motion, defendant asserted that he felt threatened by the Assistant United States Attorney and the DEA agents involved in this case and that his guilty plea was made under duress, despite the fact that he had testified otherwise during the June 11, 2012 change of plea hearing.[2] The court denied

---

[2] At the change of plea hearing, defendant testified under oath that he understood his constitutional right to a jury trial and that he was voluntarily forfeiting that right by pleading guilty. (Doc. 79 in No. 3:11cr275, N.T. at 4-7). Defendant also testified that he carefully reviewed the plea agreement, that he was freely entering a guilty plea and that there were no threats or promises made in connection to the guilty plea. (Id. at 9-11). The government also explained the terms of the agreement at the hearing, specifically that the defendant shall be sentenced to 60 months in prison. (Id. at 11-14). Defendant testified before the court that he understood the terms of the agreement as explained by the government. (Id. at 14). Defendant also completed a form entitled "Defendant's Acknowledgment of Rights Waived by Guilty Plea," in which defendant confirmed that he would be sentenced to a term of sixty months imprisonment. (Doc. 49-1 in No. 3:11cr275). Moreover, the document, which defendant signed on March 14, 2012, states that "[n]o

defendant's motion to withdraw from the plea agreement.

On November 13, 2012, the court sentenced defendant to a sixty-month term of imprisonment, a four-year term of supervised release and a special assessment of $100.  (Docs. 85, 94 in No. 3:11cr275).  During the sentencing hearing, both counsel for the defendant and counsel for the government requested that the court sentence defendant to the agreed upon sentence of sixty months.  (Doc. 94 in No. 3:11cr275, N.T. at 3, 9).

On November 27, 2012, defendant filed a notice of appeal to the Third Circuit Court of Appeals.  (Doc. 86 in No. 3:11cr275).   On December 14, 2012, the government filed a motion for summary affirmance based upon the fact that the plea agreement contained a valid appellate waiver.  On January 22, 2013, defendant responded to the government's motion, and on January 31, 2013, the Third Circuit granted the government's request and dismissed defendant's appeal.  (Doc. 93 in No. 3:11cr275).

### Second Federal Indictment for Failing to Surrender

On December 18, 2012, a grand jury sitting in this district entered a one-count indictment against defendant for failing to appear as required in

---

promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement.  I am entering into this plea agreement voluntarily with full knowledge of that rights I am giving up."  (Id.)

violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(I).  (Doc. 1, Indictment).  At

his arraignment on February 15, 2013, defendant pled not guilty to the one

count contained in the second indictment, and Magistrate Judge Blewitt

appointed the federal public defender as defendant's legal counsel.  (Doc. 6,

Order dated Feb. 15, 2013; Doc. 7, Not Guilty Plea).

Prior to the scheduled trial date, defendant filed the instant pretrial

motion styled as a motion to dismiss the indictment on the basis of selective

and/or vindictive prosecution.  (Doc. 17).  The government filed a brief in

opposition to defendant's motion to dismiss, (Doc. 21), bringing this case to

its current posture.

**Discussion**

Defendant presents three arguments in his motion to dismiss: (1)

discovery is warranted on the issue of selective prosecution; (2) the

indictment should be dismissed because the government unconstitutionally

initiated this action by selectively prosecuting defendant; and (3) the

indictment should be dismissed because defendant is the victim of

prosecutorial vindictiveness.  For the following reasons, the court finds

defendant's arguments unconvincing and will deny the instant motion.

### 1. Discovery on the Selective Prosecution Claim

Defendant contends that he is entitled to discovery on the issue of selective prosecution. Specifically, defendant avers that the court should compel the government to "produce documents concerning their policy and practice of punishing defendants who fail to appear with an obstruction of justice adjustment to the offense level in their underling [sic] case as opposed to charging them with the separate crime of failure to appear." (Doc. 18, Mem. of Law in Supp. of Mot. to Dismiss at 10).

The United States Supreme Court has recognized that a selective-prosecution claim asks a court to exercise judicial power over a "special province" of the Executive–the broad discretion given to the prosecution in enforcing criminal law. United States v. Armstrong, 517 U.S. 456, 464 (1996) (citing Heckler v. Chaney, 470 U.S. 821, 832 (1985); Wayte v. United States, 470 U.S. 598, 607 (1985)). Ordinarily, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.'" Id. (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). The prosecutor's discretion, however, is constrained by the United States

Constitution.  For instance, the Due Process Clause of the Fifth Amendment prohibits "an unjustifiable [prosecution] standard such as race, religion, or other arbitrary classification."  Id. (quotation marks and citation omitted).

A defendant establishes a claim of selective prosecution when he demonstrates the following two elements: first, the defendant "must provide evidence that persons similarly situated have not been prosecuted," and second, the defendant "must show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right."  United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989) (citation omitted).  Merely alleging selective prosecution is insufficient to obtain relief, and the defendant bears the burden to demonstrate credible supporting evidence that he was the victim of selective prosecution.  Id. at 69.

Federal Rule of Criminal Procedure 16, which governs discovery in criminal cases, does not authorize defendants to examine government documents in preparation for a selective prosecution claim.  Armstrong, 517 U.S. at 463.  Instead, to obtain discovery on a selective prosecution claim, the defendant must provide "'some evidence tending to show the existence of the essential elements of the defense,' discriminatory effect and discriminatory

9

intent." Id. at 468 (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974)).  A defendant can only be granted discovery in a selective prosecution case if he provides a "credible showing" that the government treated similarly situated defendants differently.  See United States v. Thompson, No. 1:11-CR-0077-02, 2013 WL 784630, at *5 (M.D. Pa. Mar. 1, 2013) (citing Armstrong, 517 U.S. at 470); United States v. Gist, No. 03:CR-07-387, 2008 WL 2522347, at *3 (M.D. Pa. June 20, 2008) (citing Armstrong, 517 U.S. at 469-70).  Although the standard to obtain discovery in a selective prosecution case is not as stringent as the standard necessary to obtain relief on such a claim, the Supreme Court has recognized that the "some evidence" standard is nevertheless a "significant barrier to the litigation of insubstantial claims."[3]  Armstrong, 517 U.S. at 464.

In the instant case, defendant presents two arguments in support of his contention that he is the victim of selective prosecution.  First, defendant contends that he is different from other similarly situated individuals because

---

[3] In Armstrong, the defendant presented affidavits from two defense attorneys, which alleged that racial discrimination occurred in the decision to prosecute cocaine related offenses.  See id. at 480-81.  He also presented a study showing that all instances of the particular prosecution in question during a given year were African Americans.  See id.  This evidence did not meet the "some evidence" requirement because it "failed to identify individuals who were not black and could have been prosecuted for the offenses for which the respondents were charged, but were not prosecuted."  Id. at 470.

"not all defendants in the Middle District of Pennsylvania who fail to appear are charged with a separate crime of failure to appear, particularly when they were already punished for the behavior in the underlying case by adding two-levels under the Guidelines for obstruction of justice." (Doc. 18, Mem. of Law in Supp. of Mot. to Dismiss at 7-8). Second, defendant asserts that he "has been singled out for prosecution by the U.S. Attorney's Office because he tried to withdraw his guilty plea, and he received a sentence of 16 months rather than the 60 months that was called for in the plea agreement." (Id. at 8).

Defendant's arguments fail to satisfy the "some evidence" standard necessary to obtain discovery. First, the court notes that defendant was sentenced to sixty months, and that any reference to sixteen months in the sentencing transcript was nothing more than a scrivener's error. The record is replete with references to defendant's binding plea agreement, the fact that defense counsel asked for a prison term of sixty-months at sentencing and the incontrovertible fact that the court imposed a sixty month term of imprisonment after we accepted the binding plea agreement.

Similarly, to the extent that defendant contends that he was already punished for failing to appear, the court observes that the sentencing level

enhancement recorded on defendant's presentence report had no bearing on the sentence imposed on defendant. The probation department increased defendant's offense level from 26 to 28 as a result of his failure to appear, which amounts to an increased guidelines range from 120-150 months to 140-175 months. Defendant was sentenced to sixty months pursuant to his binding plea agreement. The increased offense level reflected on his presentence report imposed NO additional punishment on defendant.

The standard announced in <u>Armstrong</u> requires that defendant identify some evidence of another individual that is treated differently under similar circumstances. Defendant fails to point to any other individual who was treated differently in a similar situation.[4] The court will accordingly deny defendant's motion with respect to his request for discovery.

## 2. Selective Prosecution

The threshold showing to warrant a dismissal for selective prosecution

---

[4] Defendant asserts that his selective prosecution claim is supported by records maintained by the Clerk's Office, which purport to show that "from the 15 year period beginning on January 1, 1997 and ending April 18, 2013, the U.S. Attorney's office filed only 22 cases, including the instant case, charging failure to appear." (Doc. 18, Mem. of Law in Supp. of Mot. to Dismiss at 8). These records do little to establish his selective prosecution claim. At best, this piece of evidence demonstrates that twenty-one similarly situated individuals were treated similarly by the government.

is greater than that to receive discovery. A defendant cannot succeed on a claim to dismiss an indictment for selective prosecution if that defendant fails to meet the "some evidence" standard needed to obtain discovery on such a claim. Accordingly, defendant's motion to dismiss the indictment for selective prosecution will be denied.

### 3. Vindictive Prosecution

Defendant also claims that the indictment should be dismissed because it is the product of prosecutorial vindictiveness. The Third Circuit Court of Appeals has found that "[p]rosecutorial vindictiveness may occur when the government penalizes a defendant for invoking legally protected rights." Schoolcraft, 879 F.2d at 67 (citations omitted). In vindictive prosecution cases, the defendant bears the initial burden of establishing the appearance of vindictiveness. Id. at 68.

Prosecutorial vindictiveness does not exist, however, "where the prosecutor's decision to prosecute is based on the usual determinative factors." Id. at 67-68 (citing United States v. Oliver, 787 F.2d 124, 126 (3d Cir. 1986)). To show that the decision to prosecute is not based on the usual determinative factors, a defendant must make "'a substantial threshold showing of an improper motivation on the prosecutor's part.'" United States v.

<u>Mariani</u>, 121 F. Supp. 2d 803, 809 (M.D. Pa. 2000) (quoting <u>United States v.</u>

<u>Difeaux</u>, 163 F.3d 725, 729 (2d Cir. 1998)).  Moreover, a defendant must also

"present evidence indicating that 'absent this motive, defendant would not

have been prosecuted."  <u>Mariani</u>, 121 F. Supp. 2d at 810 (quoting <u>United</u>

<u>States v. Cyprian</u>, 23 F.3d 1189, 1196 (7th Cir. 1994)).

Here, the defendant claims that the government penalized him by

entering the second indictment because he previously requested to withdraw

his guilty plea.  Defendant presents no evidence beyond mere conjecture that

the second indictment was somehow motivated by his previous request to

withdraw his guilty plea.  Nothing in the record indicates that the government

was motivated by an improper purpose.[5]

The mere fact that defendant was subsequently indicted after he

arguably exercised a legal right is insufficient, in and of itself, to establish a

vindictive prosecution claim.  <u>See</u> <u>United States v. Baskerville</u>, No. 03-836,

2007 WL 150439, at *2 (D.N.J. Jan. 17, 2007) ("Prosecutorial vindictiveness

---

[5] Defendant also reasserts his selective prosecution arguments in support of his vindictive prosecution claim.  (<u>See</u> Doc. 18, Mem. of Law in Supp. of Mot. to Dismiss at 11 ("McKay is being vindictively prosecuted for failure to appear after he was already punished for this behavior because he tried to withdraw his guilty plea, and he received a sentence of 16 months rather than 60 months that was called for in the agreement.")).  As is fully explained above, these arguments lack merit and it is unnecessary to reexamine them.

is not established simply because a defendant exercised a legal right and was subsequently indicted for an additional offense.").  The court will accordingly deny defendant's motion to dismiss on the basis of vindictive prosecution because the defendant has failed to meet his burden of demonstrating the appearance of vindictiveness.

**Conclusion**

For the above-stated reasons, defendant's motion to dismiss the indictment will be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No.  3:12cr324** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **JAMAL MCKAY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

AND NOW, to wit, this 3rd day of June 2013, defendant's motion to dismiss the indictment on the basis of selective and/or vindictive prosecution (Doc. 17) is hereby **DENIED**.

BY THE COURT:


 s/ James M. Munley
**JUDGE JAMES M. MUNLEY
United States District Court**